**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| LUIS MARTINEZ, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-153 (RC) |
| | : | | |
| v. | : | Re Document No.: | 18 |
| | : | | |
| CONSTELLIS/TRIPLE CANOPY, | : | | |
| | : | | |
| Defendant. | : | | |

<u>**MEMORANDUM OPINION**</u>

**GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## I.  INTRODUCTION

Plaintiff Luis Martinez alleges that his employer, Constellis/Triple Canopy, Inc., subjected him to a hostile work environment in violation of the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1402.11, and falsely imprisoned him.  Mr. Martinez first brought his hostile work environment claim in December 2019, and Constellis moved to dismiss.  This Court granted the motion with leave for Mr. Martinez to amend his complaint.  In response to Mr. Martinez's amended complaint, Constellis again moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Martinez's claims.   For the reasons explained below, the Court will grant Constellis's latest motion.

## II.  PROCEDURAL BACKGROUND

The Court previously granted Constellis's motion to dismiss but granted Mr. Martinez leave to file an amended complaint.  *See Martinez v. Constellis/Triple Canopy (Martinez I)*, No. 20-cv-153, 2020 WL 5253851, at *6 (D.D.C. 2020).  The Court highlighted that Mr. Martinez was acting *pro se* in granting leave to file an amended complaint, stating that "an added measure of leniency is extended to pro se litigants with regard to procedural requirements." *Id.* (quoting

*Plummer v. Safeway, Inc.*, 934 F. Supp. 2d 191, 197 (D.D.C. 2013)).  Mr. Martinez obtained an

attorney, *see* Notice of Appearance, ECF No. 16, and filed his amended complaint, *see* Am.

Compl., ECF No. 17.  Constellis subsequently filed a second motion to dismiss.  Def.'s Mot.

Dismiss Pl.'s Am. Compl. ("Def.'s Mot"), ECF No. 18-1.[1]

### III.  FACTUAL BACKGROUND

The Court presumes familiarity with its prior opinion in the case.  *See Martinez I*, 2020

WL 5253851.  Accordingly, this opinion will describe only the facts and allegations relevant to

the pending motion.

Mr. Martinez is an armed security guard employed by Constellis at the Ronald Reagan

International Trade Center in Washington, D.C.  Am. Compl. ¶¶ 5–6.  Mr. Martinez wears a

trimmed beard to cover a raised surgical scar on his face.  *Id.* ¶ 9.  He also suffers from chronic

folliculitis, a condition aggravated by shaving.  *Id*. ¶ 10.  Because of his scar and folliculitis, Mr.

Martinez was granted an "Indefinite Term Waiver" allowing him to maintain his beard at a

length of no more than one-fourth inch while employed by Constellis.  *Id.* ¶¶ 11–12.

Mr. Martinez alleges that since the start of his employment with Constellis, he has been

subject to questioning and statements about his beard by Mr. Williams, Constellis' Contract

Manager for Mr. Martinez's contract.  *Id.* ¶¶ 13–14.  He states that Mr. Williams made repeated

"beard-related comments" comparing Mr. Martinez's face to other employees' faces and

"requesting the length and shape of his beard."  *Id.* ¶ 14.

---

[1] Constellis argues that the Court should treat its motion to dismiss as conceded because Mr. Martinez did not file his opposition within fourteen days as required by Local Rule 7(b). Def.'s Reply at 1–2, ECF No. 20.  The Court will excuse Mr. Martinez's week-late filing because the delay was brief and did not prejudice Constellis or delay resolution of this motion. *See* Local Civ. R. 7(b) ("If such a memorandum is not filed within the prescribed time, the Court *may* treat the motion as conceded." (emphasis added)).  But the Court notes counsel's cavalier disregard of this Court's rules.

Mr. Martinez also alleges unlawful detention by one of his supervisors, Major Rouse. Am. Compl. ¶¶ 16–35.  Specifically, he alleges that Mr. Williams told him that he needed to see Major Rouse to complete a survey.  *Id.* ¶¶ 18–20.  Major Rouse subsequently detained him in a car for twenty to twenty-five minutes and drove him to an office building for a urinalysis.  *Id.* ¶¶ 23–24.  Mr. Martinez alleges that he was not told the reason for the drive or the intended location until he and Major Rouse arrived at the office building, when Major Rouse said, "[B]y the way, we are here for a random urinalysis."  *Id.* ¶ 24.  After the urinalysis, Mr. Martinez reentered Major Rouse's car to return to the Ronald Reagan International Trade Center.  *Id.* ¶ 26.

## IV.  LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)).  A complaint is insufficient if it offers mere "naked assertion[s]" without "further factual enhancement."  *Twombly*, 550 U.S. at 557.  A court considering a motion to dismiss for failure to state a claim presumes the complaint's factual allegations are true, *id.* at 555–56, but need not accept a complainant's legal conclusions as true, *Iqbal*, 556 U.S. at 678.

## V.  ANALYSIS

### A.  Hostile Work Environment Claim

This Court has previously analyzed, and found unsupported, Mr. Martinez's hostile work environment claim under the D.C. Human Rights Act.  *See Martinez I*, 2020 WL 5253851, at *4–5.  "The law is clear that to establish a claim of discrimination based on a hostile work

environment under the DCHRA, a plaintiff must show: '(1) that he is a member of a protected class, (2) that he has been subjected to unwelcome harassment, (3) that the harassment was based on membership in a protected class, and (4) that the harassment is severe [or] pervasive enough to affect a term, condition, or privilege of employment.'" *Campbell-Crane & Assocs., Inc. v. Stamenkovic*, 44 A.3d 924, 933 (D.C. 2012) (quoting *Daka, Inc. v. Breiner*, 711 A.2d 86, 92 (D.C. 1998)).[2]  Severity and pervasiveness are appropriately analyzed objectively and from the victim's subjective perception.  *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21–22 (1993).

This Court previously found that Mr. Martinez alleged facts sufficient to raise a "plausible connection" between the alleged harassment and Mr. Martinez's membership in protected classes—having a beard and disability.  *Martinez I*, 2020 WL 5253851, at *4–5.  That remains true.  However, to state a plausible claim, Mr. Martinez must also show that the alleged harassment was pervasive or severe enough to "affect a term, condition, or privilege of employment."  *Campbell-Crane*, 44 A.3d at 933 (emphasis omitted).  He has not done so.

Courts assessing a hostile work environment claim consider "the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interferes with an employee's work performance."  *Brooks v. Grundmann*, 748 F.3d 1273, 1276 (D.C. Cir. 2014) (quoting *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008)).  To rise to the level of affecting a term or condition of employment, the alleged conduct "must be extreme."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).  "[P]etty insults, vindictive behavior, and angry recriminations" reflective of the

---

[2] As stated in the prior opinion, any "passing reference to 'severe *and* pervasive' (as opposed to Title VII's 'severe *or* pervasive' standard, *see Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21 (1993)) is likely inadvertent."  *Martinez I*, 2020 WL 5253851, at *6 n.4.  The severe *or* pervasive standard is the appropriate standard under the DCHRA.  *See Lively v. Flexible Packaging Ass'n*, 830 A.2d 874, 888–89 (D.C. 2003).

"ordinary tribulations of the workplace" are not enough.  *Brooks*, 748 F.3d at 1277–78 (citations omitted).  This requirement that the challenged conduct affect a term or condition of employment ensures that employment law "does not become a general civility code" for the American workplace.  *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 86 (D.D.C. 2014) (quoting *Faragher*, 524 U.S. at 788).

Mr. Martinez still alleges only three specific incidents related to his beard over the course of his employment, with nonspecific references to an additional "three beard-related comments per week" by Mr. Williams beginning "in the months leading up to the October 9, 2019 urinalysis/drug test."  Am. Compl. ¶ 14.  The Court again holds that the comments constitute the "ordinary tribulations of the workplace" that do not give rise to hostile work environment liability.  *See Brooks*, 748 F.3d at 1277–78 (citation omitted).  Although Mr. Martinez has attempted to color in the relative frequency of the additional comments that this Court found lacking in the original complaint, *see Martinez I*, 2020 WL 5253851, at *5, he does not explain how the comments were any different from the three specific instances he points to, *see* Am. Compl. ¶ 14, nor does he suggest that the regularity of the comments in any way "interfere[d] with [his] work performance," *see Baloch*, 550 F.3d at 1201.  The Court thus assumes that the weekly beard-related comments were like the three incidents Mr. Martinez described in detail, which themselves were not so extreme to "alter a term, condition, or privilege of his employment."  *Martinez I*, 2020 WL 5253851, at *5.

Without more, "simple teasing, offhand comments, and isolated incidents" of the type Mr. Martinez alleges in the three detailed instances "will not amount to discriminatory changes in the terms and conditions of employment."  *Faragher*, 524 U.S. at 788 (internal quotation marks and citation omitted).  Mr. Martinez describes only irritating commentary about uniform

compliance that neither impacted his job performance nor posed "tangible workplace consequences, whether financial, physical, or professional." *See Baloch*, 550 F.3d at 1201; *see also Brooks*, 748 F.3d at 1277–78 (finding that repeated insults did not impact conditions of employment when plaintiff "ha[d] not been shut out from her work" and was "continually assigned discrete tasks"); *Dieng v. Am. Insts. for Rsch. in Behav. Scis.*, 412 F. Supp. 3d 1, 14–15 (D.D.C. 2019) (finding that plaintiff failed to plead severity or pervasiveness when she alleged that supervisors repeatedly yelled at her, questioned her work, and denied her teleworking privileges). Accordingly, the Court holds that Mr. Martinez's amended complaint, like his original one, has not sufficiently alleged facts to support a finding that the alleged harassment was objectively severe or pervasive.

Mr. Martinez also alleges that the events of "October 9, 2019 [were] so severe that this incident alone rises to the level of a hostile work environment" because Major Rouse's driving was "reckless" and because Mr. Martinez was not told where he was being driven. Am. Compl. ¶ 43. Mr. Martinez added detail to his description of the incident on October 9, 2019, but the detail provided still does not demonstrate a hostile work environment. Again, "there is little to suggest that either the questionings or the urinalysis was objectively offensive or severe (*e.g.*, physically threatening or humiliating)." *Martinez I*, 2020 WL 5253851, at *5. Mr. Martinez does not provide additional facts to change the Court's previous analysis. Consequently, the Court again holds that the described incidents are the sort of "'ordinary tribulations of the workplace' that the Supreme Court has held cannot form the basis of a hostile work environment claim." *Id.* (quoting *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 73 (D.D.C. 2007)).

### B. False Imprisonment

Mr. Martinez next raises a common-law false imprisonment claim, alleging that he was falsely imprisoned when Major Rouse took him by car to obtain a urinalysis.  Am. Compl. ¶¶ 47–51.  False imprisonment is "the restraint by one person of the physical liberty of another without consent or legal justification."  *Faniel v. Chesapeake & Potomac Tel. Co. of Md.*, 404 A.2d 147, 150 (D.C. 1979).  The elements of the common-law tort are "(1) the detention or restraint of one against his will within boundaries fixed by the defendant, and (2) the unlawfulness of the restraint."  *Edwards v. Okie Dokie*, *Inc.*, 473 F. Supp. 2d 31, 44 (D.D.C. 2007).  To show unlawful detention or restraint, a plaintiff must demonstrate that his movements were totally restrained through "threats of force, or by exert[ion of] legal authority."  *Faniel*, 404 A.2d at 151 (quoting Restatement (Second) of Torts § 36, cmt. c).  Mental restraint alone is insufficient, and importantly, "[s]ubmission to the mere verbal direction of another, unaccompanied by force or threats of any character does not constitute false imprisonment."  *Id.* at 152.

Mr. Martinez alleges insufficient facts to state a plausible claim of false imprisonment. He has not alleged facts demonstrating detention or restraint against his will.  Instead, Mr. Martinez describes only the "[s]ubmission to mere verbal direction of another," found insufficient in *Faniel*, 404 A.2d at 152, when he says that "Major Rouse informed [him] that they had to leave the building" without demonstrating any corresponding coercive tactics, Am. Compl. ¶ 23.  Not only does Mr. Martinez fail to describe any actual threats, but his own factual description suggests that he was able to walk away from the situation.  In fact, Mr. Martinez states that Major Rouse allowed him to step away to speak with his supervisor, Mr. Williams, before getting in the car.  *Id.* ¶ 20.  And then, after the urinalysis, he voluntarily got back in the

car with Major Rouse.  *See id.* ¶ 26. Mr. Martinez attempts to distinguish his case from *Faniel*, arguing that unlike the plaintiff in *Faniel*, he was unaware of the intended location when entering Major Rouse's car.  Pl.'s Opp'n at 9, ECF No. 19.  However, his lack of knowledge about the intended destination, while possibly uncomfortable,[3] is insufficient on its own without a showing of force or restraint.  That Mr. Martinez was able to walk away from the car before getting in it and that he willingly reentered the car after the urinalysis show a lack of the requisite "detention or restraint of one against his will."  *See Edwards*, 473 F. Supp. 2d at 44.  For those reasons, Mr. Martinez has not alleged facts necessary to support a false imprisonment claim.

## VI.  CONCLUSION

Because Mr. Martinez fails to allege facts sufficient to state either a hostile work environment or false imprisonment claim, Defendant's motion to dismiss Plaintiff's amended complaint (ECF No. 18) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: April 1, 2021                                            RUDOLPH CONTRERAS
                                                               United States District Judge

---

[3] Mr. Martinez's dramatic characterization of his alleged subjective fear notwithstanding, the allegations make clear that he was escorted by another workplace employee, with his supervisor's authorization, during daylight work hours, for a short distance from one point in the city's central business district to another within the business district.  In *Faniel*, "concern . . . about [an] unfamiliar route" without objection or a manifest desire to leave the vehicle, was insufficient to demonstrate restraint against the plaintiff's will.  404 A.2d at 151–53.  Mr. Martinez's assertion that he lacked knowledge of the intended destination, on its own, is similarly insufficient.